STATE OF INDIANA      )     IN THE MARION CIRCUIT/SUPERIOR COURT
                       ) SS:
COUNTY OF MARION    )       CASE NO.

CAROLYN WENDY HERZ,               )
                                       )
                   Plaintiff,     )
                                         )
   vs.                                          )
                                         )
UNITED STATES DISTRICT COURT FOR THE  )
SOUTHERN DISTRICT OF INDIANA, MARION  )
SUPERIOR COURT, EVAN GOODMAN, MARC  )
ROTHENBERG, SEAN PERSIN, ERIC           )
HOLCOMB Individually and as Governor of     )
the State of Indiana, THEODORE ROKITA      )
Individually and as Attorney General for the of    )
State of Indiana, DENNIS SASSO, SANDY      )
SASSO, LESLIE PAGE, VERIZON WIRELESS,   )
MCI COMMUNICATIONS SERVICES LLC,      )
JONATHAN ADLAND, DAVID "RANDY"       )
KENNEDY, DONALD HARRIS, and ROBERT    )
E. LEE DAVIES,                            )
                                         )
                   Defendants.  )

## COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF AND DAMAGES

     1. Plaintiff brings a complaint for a longstanding pattern of criminal racketeering offenses committed by defendants, to exploit plaintiff as a scapegoat to appease and accommodate a violent drug trafficker to whom defendants refer as Carolyn H. Srivastava, because the drug trafficker is extraordinarily adept at blackmail, forgery, harassment, emotional manipulation, and facile lying and therefore useful to defendants for acquisition of undeserved money and power.

### I. PARTIES

     2. Plaintiff Carolyn Wendy Herz is a single female Jewish citizen of Marion County, Indiana, where I (plaintiff) have resided since 1985. I am Caucasian, small in stature, five feet two inches tall, with brown eyes, and I weigh approximately 105 pounds. I have owned a home in and resided in the College Park residential subdivision, which is governed by a private home-

owners' association called College Park Club, Inc., to which I pay dues, since 1991. I have al-ways paid my dues on time and in full. I have been characterized as very honest and strong, and very responsible.

3. Defendant United States District Court for the Southern District of Indiana ("INSD") is a U.S. government agency with responsibility for resolving disputes in a fair and impartial man-ner in accordance with the law. Instead, INSD has perpetrated a pattern of brazen violation of the Constitution, laws, and court rules in its treatment of me. The intent has been to exploit me as a scapegoat for defendants' violent drug trafficker and promote government corruption to advance the ambitions of certain self-serving politicians, and to promote discrimination and inequality.

4. Defendant Marion Superior Court is a court of original jurisdiction empowered to hear civil, criminal, probate, and juvenile cases arising in Marion County, Indiana. Its operations are managed locally and funded by local city-county appropriations. Marion Superior Court has per-petrated a longstanding practice of abusing me to appease defendants' violent drug trafficker.

5. Defendant Evan Goodman, a leader in defendants' exploitation of me as a scapegoat for their violent drug trafficker, fabricates and spreads false malicious gossip about me. Refer-ring to himself as "your Jewish judge," he was a Marion County criminal court judge from ap-proximately 1972 through December 2006, and a Marion Superior Court senior judge from 2007 through 2016. His law license has been in retired status since August 2017. He is being sued for actions taken outside the scope of his employment, for perpetrating non-judicial acts.

6. Defendant Marc Rothenberg, a Jewish accomplice of Evan Goodman, has, since Janu-ary 2019, held a position as a Marion Superior Court Civil Division judge. He was a Marion Su-perior Court Criminal Division judge from 2009 through 2018, a Marion Superior Court magis-trate/commissioner from 2003 through 2008, and a Marion County deputy prosecutor from 1998 to 2003. I have never met him or spoken with him, but he has claimed entitlement to abuse his government positions to disrupt my life. Perpetrating a practice of interfering in cases to which

he is not assigned, he has acted outside the scope of his employment and in the absence of jurisdiction in perpetrating the offenses described in this complaint.

7. Defendant Sean Persin is judge of Tippecanoe Circuit Court. Political crony Eric Holcomb appointed him to the position on October 27, 2017 but he did not take office until January 1, 2018. He was judge of Tippecanoe Superior Court 5 from January 2015 through December 2017, and a Tippecanoe County courts magistrate from 2011 – 2015. Exhibiting extreme grandiosity and megalomania, he has effectively anointed himself Ruler of Marion Superior Court.

8. Defendant Eric Holcomb is the governor of the State of Indiana. He, and Indiana state government officials generally, have acted almost entirely at the behest of wealthy businesses with their highly-paid lobbyists and generous campaign contributions, to maximize corporate profits at the expense of the welfare of us ordinary citizens. Indiana ranks at or near the bottom of the fifty states in virtually every measure of quality of life. It is most definitely not a state that works; it is a state that is badly broken, permeated with rampant discrimination and inequality and entrenched election fraud. Defendants' horrendous treatment of me is just one symptom of Indiana's profound dysfunction.

9. Defendant Theodore Rokita is currently the Attorney General for the State of Indiana ("Indiana Attorney General"). The Indiana Attorney General, acting as an agent to advance the personal whims of the individual defendants, has perpetrated a longstanding pattern of commission of identity theft against me and of exploitation of me as a scapegoat for defendants' violent drug trafficker.

10. Defendant Dennis Sasso, a gossipy immigrant from the Banana Republic of Panama, is the government-maintained rabbi of the Indianapolis Jewish congregation of which Marc Rothenberg is a member. He acquires power for himself in anti-Semitic Indiana by collaborating with the dominant white Christians against Jews. He is not related to me in any way, but to exploit me, he has claimed entitlement to meddle in and disrupt my life, imposing on me his primi-

3

tive, un-American values. He subscribes to an ideology that religion justifies wanton cruelty.

11. Defendant Sandy Sasso, also a rabbi, is Dennis Sasso's wife and accomplice.

12. Defendant Leslie Page, who has a noticeable facial tic, owned and resided in the house next door to mine, 3117 Lehigh Court, Indianapolis, Indiana, Marion County parcel no. 6007204, from 1996 through 2015, when she sold the home and moved her residence out of the subdivision. She provoked conflicts and sought to incite violence by spreading false, extremely inflammatory gossip, terrorizing the neighborhood. She relinquished all legal rights to parcel no. 6007204, as well as all rights of membership in College Park Club, Inc. when she sold the property and moved her residence, but she continues to surreptitiously interfere in my life.

13. Defendant Verizon Wireless ("Verizon") is a subsidiary of Verizon Communications, Inc., a publicly traded corporation that purveys wireless connectivity products and services throughout the country, including in Indiana. Indiana does not consider Verizon to be a public utility; it is not regulated by the Indiana Utility Regulatory Commission. Verizon's business model seems to be to institute government corruption to maximize its shareholder profits and enhance the wealth of its executives, while preying on us ordinary, non-wealthy people.

14. Defendant MCI Communications Services, LLC ("MCI"), another non-utility subsidiary of non-utility Verizon Communications, Inc. that does business in Indiana, is working with Verizon on small cell facility projects in Indiana.

15. Defendant Jonathan Adland resided in Indiana from early 2003 to mid-2011. During most of that period, he was employed as a rabbi by the Indianapolis Jewish congregation of which Even Goodman is a member. I have never met him or spoken with him, but he has claimed entitlement to secretly interfere in my life, to exploit me to obtain undeserved benefits for himself at my expense. He currently resides in Ohio, but he continues to maintain contact with Indiana defendants.

16. Defendant David "Randy" Kennedy is judge of Davidson County, Tennessee Seventh

4

Circuit Court (not related to U.S. Seventh Circuit), which hears probate matters for Nash-ville/Davidson County, Tennessee, but not for any Indiana county. David Kennedy has traveled to Indiana to scheme with Indiana residents to exploit me for his own personal gain.

17. Defendant Donald Harris was a Tennessee senior judge who was apparently appoint-ed to hear Davidson County, Tennessee Seventh Circuit Court case no. 10P-1127, to which I am an unwilling party. He unlawfully and unconstitutionally exercised jurisdiction over the case, over me as a citizen of Indiana, and over assets held in an account in Indiana.

18. Defendant Robert E. Lee Davies was appointed successor to Donald Harris in No-vember 2018.

## II. ALLEGATIONS IN SUPPORT OF COMPLAINT

19. Marion County constitutes a preferred venue under Ind. Trial Rule 75 (A)(2), (4), (5), and (8) with Ind. Code § 34-24-2-6, as land that is the subject of claims is located in Marion County; government and private defendants have offices in Marion County; and I as aggrieved person reside in Marion County.

20. Defendants view me as a particularly easy and desirable target to exploit because I am a single Jewish woman without family roots in Indiana; because I have expressed opposition to the malfeasance of government and private individuals holding positions of power; and because I am not wealthy. Defendants have, for more than twenty years, maintained a campaign of vicious character assassination and government persecution against me, to interfere in and disrupt every aspect of my existence.

21. To accomplish this, defendants have concocted and spread as government-facilitated malicious gossip fabrications that I am a mentally ill criminal, a common ploy for demeaning women, and that I have perpetrated all sorts of misconduct. To promulgate their malicious myths, defendants recruit amoral women using aliases, including Leslie Page and their violent drug trafficker, complete with fraudulent photo ID's, to relentlessly commit identity theft against

5

me, engaging in bizarre and disruptive behavior in my name, so that I will receive the punishment for their misbehavior, and they receive undeserved benefits. Other amoral persons falsely identify their identity thieves as me; and secretly testify falsely against me.

22. As part of their self-serving fabrications, defendants have concocted a fallacy that a "legal guardian" is designated to make all decisions for me. I do not have a so-called legal guardian, and no one other than I is authorized to act on my behalf.

23. College Park, my neighborhood, was developed as a residential subdivision with a bucolic park-like, commercial-free setting. College Park Club, Inc. owns and maintains common areas throughout the neighborhood for the benefit and enjoyment of us members. To preserve the park-like environment, utility lines are buried and the College Park Club, Inc. governing documents include restrictive covenants to prohibit deleterious land use activities. I purchased my home in College Park with the expectation that it would remain a quiet residential neighborhood.

24. Defendants look down on my neighborhood as inferior because it includes substantial numbers of African-American, Jewish, and out LGBTQ homeowners/residents, and we are not wealthy. They have used College Park Club, Inc., and my neighborhood generally, as vehicle to exploit and attack me, and to appease their violent drug trafficker.

25. The latest is that, to also advance the profit motives of Verizon, MCI, and other telecommunications businesses, in 2017 the Indiana General Assembly passed, and Eric Holcomb signed, Public Law 261-2017, which added provisions granting special privileges to telecommunications businesses regarding placement of small cell 5G facilities and towers that support them to the Indiana Code as Ind. Code § 8-1-32.3-26, along with other related statutory provisions.

26. Verizon and MCI, which do not own any property within the College Park subdivision, used Ind. Code § 8-1-32.3-26 to clandestinely sneak several of their ugly 47-foot tall industrial towers with attached small cell 5G facilities into my neighborhood, with plans for more, for a total of at least twenty, including one directly in front of my home. For some of the towers al-

ready installed, they have left unsightly unfinished construction sites. Indianapolis Department of Metropolitan Development professional planning staff have recommended against placement of these installations within residential neighborhoods.

27. Telecommunications businesses other than Verizon and MCI will likely also want to erect their own industrial structures in my neighborhood, turning our peaceful residential area into an unlivable jungle of industrial metal monstrosities, reducing our property values and the salability of our homes, polluting my nighttime environment with piercing, unattractive industrial lighting, making it difficult to back out of my driveway, potentially interfering with the functioning of my home wireless internet connection, and endangering our lives from bulky, unbalanced towers crashing down in high winds.

28. Verizon/MCI small cell facilities are set to emit radiofrequency waves at a level higher than those emitted by previous generations of cellphone towers, thereby potentially damaging our health by causing cancer and other chronic diseases. Verizon is conducting a dangerous experiment with our health and lives and we are the involuntary guinea pigs.

29. In 2021 House Bill 1164, Big Government money-first members of the Indiana General Assembly are seeking to exacerbate the invasive 5G tower problem for us ordinary citizens who pay their salaries and generous perks.

30. Defendants have also invaded my family, moving my parents around the country to prevent them from interacting with me, and also preventing my son and other family members from interacting with me, and stealing my inheritance.

### III. STATEMENT OF LEGAL CLAIM

31. I (plaintiff) support the following claims by reference to the previous paragraphs of this complaint:

32. **Count I**. Racketeering pursuant to Title 9 of the Organized Crime Control Act of 1970, as amended, 18 U.S.C. §§ 1961-1968 ("RICO"): Defendants have, through a pattern of

racketeering activity that has injured me in my property and business, formed and maintained an interest in and control of an enterprise within the meaning of 18 U.S.C. § 1961 (4) that engages in interstate commerce, which is prohibited by 18 U.S.C. § 1962 (b). The intent has been to use the tools of government and religious positions of power for corrupt purposes: to disrupt every aspect of my life in order to exploit me as a scapegoat for their violent drug trafficker to whom they refer as Carolyn H. Srivastava and who will do anything she thinks will benefit herself, to keep her out of prison and on the streets, and to appease her, so that she will continue to perpetrate her trademark blackmail, forgery, harassment, and facile lying to help them obtain and retain undeserved power and money. The racketeering includes the following predicate offenses:

a. Fraud in connection with identification documents, 18 U.S.C. § 1028 (a)(1); retaliation against witness, 18 U.S.C. § 1513 (e); wire fraud: In March 1989, State of Indiana, Evan Goodman, Dennis Sasso, Sandy Sasso, and defendants' violent drug trafficker, intentionally using my means of identification, name and driver's license number, without lawful authority, entered into Indiana Bureau of Motor Vehicles electronic records and maintain to this day, a false allegation that I was convicted on March 8, 1989 of "failure to obey signs or markings" on February 12, 1989 under case no. 49F14-8903-OV-025228. I never committed that violation, I was never charged with that violation, and the court has no record of that case. The intent was to smear my reputation with a false accusation, to oppress me because I am a Jewish woman, 18 U.S.C. § 241. The intent in maintaining the record beyond the period designated by law was to retaliate against me for providing information about federal offenses committed by defendants and their accomplices to federal law enforcement.

b. Attempt to commit murder: In October – November 1994, with intent to cause my father's death, defendants' violent drug trafficker sexually assaulted him, and harassed and harangued him with horrible allegations about me, thereby causing him such severe emotional distress that he suffered a ruptured aneurysm, from which he nearly died.

c. Attempted murder: In November 1996 defendants' violent drug trafficker induced another driver to turn out of a driveway directly in front of me when I was driving down a major thoroughfare, such that I could not stop in time to avoid hitting the other vehicle, with intent that I hit the other vehicle and sustain serious bodily injury and significant damage to my car.

d. Obstruction of justice, 18 U.S.C. § 1503; mail fraud; wire fraud: During the period 1997 through 2021, Evan Goodman, Marion Superior Court, Theodore Rokita, Dennis Sasso, Sandy Sasso, Leslie Page, Marc Rothenberg, Sean Persin, David Kennedy, Donald Harris, Robert E. Lee Davies, Eric Holcomb, Verizon, MCI, Jonathan Adland, and their violent drug trafficker, in INSD case nos. IP 97-704-C M/S, IP98-C-0242-H/G, IP 00-617-C Y/G, IP 01-744-C M/L, 1:02-cv-1385-LJM-WTL, 1:03-cv-421-JDT-WTL, 1:03-cv-952-DFH-TAB, 1:03-cv-406-LJM-WTL, 1:03-cv-805-JDT-VSS, 1:03-cv-1447-DFH-VSS, 1:04-cv-0810-SEB-WTL, 1:04-cv-0945-RLY-TAB, 1:06-cv-0131-LJM-VSS, 1:11-cv-00595-SEB-WGH, 1:11-cv-00909-WTL-DKL, 1:12-cv-01295-SEB-MJD, 1:12-cv-01309-SEB-DKL, 1:12-cv-01848-LJM-DML, 1:13-cv-00134-WTL-DKL, 1:13-cv-200-SEB-DML, 1:13-cv-717-JMS-DKL, 1:13-cv-890-TWP-DKL, 1:13-cv-01212-WTL-DML, 1:13-cv-01383-RLY-DML, 1:14-cv-496-WTL-DKL, 1:14-cv-2001-RLY-DKL, 1:15-cv-00434-RLY-DML, 1:15-cv-161-WTL-DML, 1:16-cv-876-SEB-TAB, 1:16-cv-1360-WTL-TAB, 1:16-cv-02868-JMS-DML, 1:17-cv-01102-SEB-TAB, 1:17-cv-01640-SEB-TAB, 1:18-cv-00001-WTL-MJD, 1:18-cv-00347-TWP-DLP, 1:18-cv-02817-JMS-DML, 1:18-cv-03447-TWP-DLP, 1:18-cv-03619-JRS-MPB, 1:19-cv-00023-JMS-DLP, 1:19-cv-01661-JPH-TAB, 1:19-cv-03930-JMS-TAB, 1:19-cv-03999-SEB-TAB, 1:19-cv-04305-SEB-MPB, 1:19-cv-04810-JMS-TAB, 1:20-cv-00017-JRS-TAB, 1:20-cv-01412-RLY-DLP, 1:20-cv-01877-JPH-DLP, and 1:21-cv-00075-JPH-MPB, corruptly impeded the due administration of justice by substituting poor quality forgeries for my real complaints and other filings, by intimidating court clerks to give their poor quality forgeries to judges in place of my real filings, and by recruiting identity thieves to impersonate me in *ex parte* hearings, thereby manufacturing false evidence to

procure void decisions adverse to me based on the deceptions, which were sent to me via U.S. mail and communicated electronically in interstate commerce. The foregoing was also intended to defraud me out of any hearing of my meritorious claims in my cases, for which I had paid filing fees. Due to defendants' malfeasance, I have never received a full and fair hearing of any of my claims in INSD. Not one.

e. Tampering with witness, 18 U.S.C. § 1512 (a)(2)(C); kidnapping; robbery; wire fraud: During the period February 1999 through 2004, Evan Goodman, Marc Rothenberg, Jonathan Adland, Dennis Sasso, and Sandy Sasso, employing concealed forged documents, perjuring witnesses, and falsification of court records, had their identity thieves commit offenses in my name, thereby intentionally manufacturing false evidence, which they used as an excuse to procure frivolous, vexatious, due-process-free criminal "prosecutions" and protective orders, with intent to deprive me of livelihood, subject me to forced confinement for ransom, take my car by force while armed with a deadly weapon, destroy my reputation and life, and threaten me with bodily injury. The intent was also to frighten me away from providing information about possible federal offenses committed by defendants and their accomplices to federal law enforcement, and to force me to convert to Christianity. The vexatious litigation was assigned case nos. 49F16-9902-DF-5481 a/k/a 49G21-9902-DF-025481; 49F16-0104-CM-085681; 49F10-0109-CM-177193 a/k/a 49F19-0109-CM-177193 a/k/a 49F07-0109-CM-177193; and 49F17-0003-PO-000415 a/k/a 49G21-0402-PO-427 (a/k/a due to transfers of cases from one courtroom to another).

f. Misuse of identification information, 18 U.S.C. § 1028; wire fraud: Evan Goodman, Marc Rothenberg, and Dennis Sasso employed the bogus prosecutions described in foregoing ¶ 32e as a means to unlawfully acquire my social security number and date of birth and to knowingly place them in public records accessible to any member of the general public, to transfer them electronically in interstate commerce, with additional intent to facilitate identity theft by

sharing the sensitive, confidential identification information with their violent drug trafficker and other identity thieves, to meddle in my financial affairs. They have also induced Indiana circuit courts to grant fraudulent petitions for changes of name to those seeking to commit identity theft against me, to enable them to obtain false state identification. They thereby knowingly transmitted my means of identification electronically interstate commerce, with intent to commit felony identity theft, theft of my property, obstruction of justice, and forgery.

g. Obstruction of justice, 18 U.S.C. § 1503; mail fraud; wire fraud: During the period 1999 through 2011, INSD, Marion Superior Court, Evan Goodman, Dennis Sasso, Sandy Sasso, Jonathan Adland, Leslie Page, Sean Persin, David Kennedy, and Marc Rothenberg, in U.S. Court of Appeals for the Seventh Circuit case numbers 99-3272, 00-3589/00-3887, 03-2202, 04-3791, 04-3999, 10-2915, and 11-2817, and U.S. Supreme Court case no. 00-505, corruptly impeded the due administration of justice by substituting poor quality forgeries, sent electronically and by U.S. mail, for my real complaints, appellate briefs and other filings, and by intimidating court clerks to give their poor quality forgeries to judges in place of my real filings, thereby manufacturing false evidence with intent to procure void decisions adverse to me based on the deceptions, and which were sent to me via U.S. mail and communicated electronically in interstate commerce. The foregoing was also intended to defraud me out of a fair hearing of my cases, for which I had paid filing fees.

h. Mail fraud; wire fraud: During the period 2000 through 2020, in Marion Superior Court case nos. 49D03-9203-DR-0436, 49D03-0004-CT-000580, 49D06-0011-CP-001662, 49D01-0301-CT-000143, 49D13-0301-CT-000178, 49D06-0304-PL-000708, 49D06-0308-PL-001535, 49D06-0309-PL-001592, 49D02-0411-CT-002095, 49D01-0412-PL-002315, 49D03-0501-PL-002988, 49D01-0506-PL-021605, 49D06-1304-CT-01405, 49D03-1401-CT-000437, 49D04-1411-CT-038000, 49D02-1412-CT-039726, 49D06-1304-CT-014053, 49D06-1412-CT-040938, 49D14-1501-CT-003126, 49D11-1712-CT-045468, 49D11-1806-CT-025737, 49D03-

1807-CT-026576, 49D11-1902-CT-005425, 49D13-1906-CT-026047, 49D12-1907-CT-029129, 49D13-2001-CT-001219 and 49D10-2010-CT-036679, Evan Goodman, Indiana Attorney General, Dennis Sasso, Sandy Sasso, Jonathan Adland, Leslie Page, Eric Holcomb, Verizon, MCI, INSD, and their violent drug trafficker, having devised a scheme to defraud me of my filing fees, substituted forged, poor quality complaints and other filings that purported to have been drafted and signed by me but were not authorized by me for my real filings, induced judges to conduct *ex parte* conferences with their violent drug trafficker and other identity thieves impersonating me, and intimidated clerks into falsifying court records, thereby manufacturing false evidence to procure entry of void judgments, some of which were forged and not authorized by the judges to whom they are attributed. The fraudulent documents were sent by U.S. mail and electronically in interstate commerce. Due to defendants' malfeasance, I have never received a full and fair hearing of any of my claims in Marion Superior Court. Not one.

  i. Mail fraud; wire fraud; robbery: During the period 2002 – 2005, Dennis Sasso, Sandy Sasso, Jonathan Adland, and Evan Goodman, having devised a scheme to defraud me of my filing fees and additional money using a pretext of "attorney fees and costs" in Indiana Court of Appeals case nos. 49A02-0112-CV-883, 49A02-0201-CR-1, 49A02-0204-CR-278, and 49A02-0305-CV-00456; and Indiana Supreme Court case no. 49S00-0401-OR-36, substituted poor quality filings to which they applied my name and a facsimile of my signature, but which were not authorized by me, for my real briefs, and recruited identity thieves to impersonate me in *ex parte* "hearings," thereby manufacturing false evidence to have the cases summarily dismissed with extremely libelous "opinions" based on their own misconduct, with some alleged opinions likely forged by their violent drug trafficker.

  j. Fraud in connection with identification information, 18 U.S.C. § 1028 (7); wire fraud: During the period 2002 up to the present, INSD, with intent to defraud me of my filing fees and reputation, altered court computers, such that my legitimate filings are not entered into

certain records of cases, and instead INSD secretly substitutes poor quality forgeries drafted by other defendants and not authorized by me and distribute electronic links to the forgeries via email in interstate commerce to electronically registered counsel, thereby committing forgery, obstruction of justice, and fraud in connection with computers, 18 U.S.C. § 1030. INSD also mixes up documents from my cases with those of other cases with completely different parties. INSD refuses to allow me to participate in electronic noticing, thereby brazenly flouting 28 U.S.C. § 1914 (b), specifically to prevent me from learning of this deception.

k. Obstruction of justice, 18 U.S.C. §§ 1512 and 1513; wire fraud; mail fraud; robbery: Through transactions effected on or about December 12, 2002, June 13, 2003, June 19, 2003, July 9, 2003, and July 18, 2005, INSD, Marion Superior Court, Evan Goodman, Jonathan Adland, Dennis Sasso, and their violent drug trafficker, having devised a scheme to steal my money with intent to force me to pay restitution for theft committed by their violent drug trafficker, and using my means of identification that they had stolen, effected the transfer of a total of more than $70,000.00 out of my financial account, by placing my financial advisor in fear of harm to himself and his family. They sent communications by U.S. mail falsely alleging that I had authorized the transactions. Their intent was also to use the theft to retaliate against me for providing evidence to courts of federal offenses committed by them, and to intimidate me from providing additional evidence.

l. Tampering with witness, 18 U.S.C. § 1512: In June, July, and August 2003, Dennis Sasso, Sandy Sasso, Evan Goodman, Jonathan Adland, and their violent drug trafficker cruelly exploited my elderly parents as tools to threaten that if I did not voluntarily dismiss all of my pending federal lawsuits and seek [unnecessary] treatment from a psychiatrist, they would steal my home, my car, all of my money and other property, sue me for defamation with demand for a large monetary judgment, and have me committed to a psychiatric institution, thereby employing intimidation and threats to use physical force against me, with intent that I withhold testimony

and documents from official proceedings. The lawsuits had nothing to do with my parents.

m. Robbery; conspiracy to commit murder; wire fraud; mail fraud: In 2004, Evan Goodman, Dennis Sasso, Marc Rothenberg, Jonathan Adland, and their violent drug trafficker, having devised a scheme to defraud me of my inheritance, harassed and threatened my elderly parents into changing their funeral instructions from funeral and burial to the less expensive cremation, and subsequently sent the changed instructions by U.S. mail and wire in interstate commerce. Their intent was to steal the price difference, paying out only for cremation in 2007 and 2009, and set my parents up for murder by overdose of dangerous controlled substances. Cremation destroys evidence of foul play and allows false report of a death.

n. Kidnapping; dealing in a controlled substance; attempted murder: During the period November 5, 2005 through December 21, 2005, Evan Goodman, Marc Rothenberg, Jonathan Adland, Dennis Sasso, and Sandy Sasso forced my mother into an abusive nursing home and then collaborated with its staff to vastly overdose her with morphine, causing serious bodily injury, including physical and psychological addiction, aspiration pneumonia, mental confusion, reduced ability to speak, and loss of ability to eat, leading to potential starvation. One objective was to prevent her from interacting with me. They also induced nursing staff to physically abuse her, with intent to cause her to die a painful death.

o. Robbery: In late 2005 – early 2006, while my mother was confined in medical facilities, Evan Goodman, Dennis Sasso, Jonathan Adland, and their violent drug trafficker took my mother's valuable fur coat by putting my father in fear.

p. Obstruction of justice, 18 U.S.C. § 1503: During the period February 2006 through September 2006, Evan Goodman induced the intentional alteration and removal of documents and other evidence of nursing facility maltreatment of my mother, with intent to prevent them from being used in federal investigations.

q. Mail fraud; wire fraud: During the period February 2006 through November 2010,

14

Evan Goodman, Marc Rothenberg, Dennis Sasso, Jonathan Adland, and their violent drug trafficker, having devised a scheme to defraud me out of my inheritance, sent through the mail and electronically in interstate commerce two written instruments purporting to be trust documents disposing of my parents' assets and benefitting themselves at my expense by appeasing their violent drug trafficker, and purporting to have been made and signed by my mother and my father on February 21, 2006. They were not authorized by my mother and my father, but were forged by the defendants and their violent drug trafficker. The defendants also procured disbursals from the assets to unauthorized individuals, as payment for cooperation with their crimes.

r. Kidnapping: In June 2006, Evan Goodman, Jonathan Adland, Dennis Sasso, and Sandy Sasso induced my sister to forcibly move my parents from Indianapolis to Tacoma, Washington against their will, in order to punish me by preventing me from interacting with them, and to steal their assets and my inheritance.

s. Murder: In October 2007, Dennis Sasso, Jonathan Adland, and Evan Goodman induced nursing facility staff to intentionally administer to my mother an overdose of a controlled substance with intent to depress breathing, and thereby cause her to die by asphyxiation.

t. Conspiracy to commit murder: In 2008 Evan Goodman, Dennis Sasso, Sandy Sasso, Jonathan Adland, and their violent drug trafficker agreed to cause my son's death. In furtherance of this agreement they hired a mechanic to sabotage his car by breaking the axle on November 21, 2008, with intent that he would be killed in a motor vehicle "accident."

u. Involuntary servitude, 18 U.S.C. § 1584; obstruction of justice, 18 U.S.C. § 1513: As part of their slavery agenda and to harm me in retaliation for providing information about their federal felonies to law enforcement officers through service of process, in early November 2009, Evan Goodman, Jonathan Adland, INSD, and Dennis Sasso, in collaboration with David Kennedy, sought to isolate me from my father by instigating a groundless, vexatious conservatorship proceeding, Davidson County, Tennessee case number 09P-1680.

v. Especially aggravated kidnapping, Tenn. Code Ann. § 39-13-305; attempted murder: Employing case number 09P-1680 as an excuse, David Kennedy, Evan Goodman, Dennis Sasso, Sandy Sasso, and their violent drug trafficker collaborated with facility staff to intentionally pull my elderly father out of bed in the early morning hours of November 10, 2009 and push him down to break his hip, to forcibly move him to a hospital, to appease their violent drug trafficker, and to prevent me from interacting with him, with intent that he receive inferior care.

w. Mail fraud, or alternatively murder: Evan Goodman, Dennis Sasso, David Kennedy, and their violent drug trafficker, having devised a scheme for obtaining my inheritance by false pretenses, for the purpose of executing that scheme, knowingly forged a physician's signature to a death certificate falsely alleging that my father had passed away and sent it to me by U.S. Postal Service on or about December 14, 2009. Alternatively, they intentionally killed him with an overdose of a dangerous controlled substance.

x. Mail fraud; wire fraud: During the period September 2008 through October 20, 2011, as part of Boone County, Indiana case numbers 06C01-0809-PL-840 and 06D02-1110-PL-0164, Evan Goodman, Dennis Sasso, Sandy Sasso, Leslie Page, Jonathan Adland, INSD, Marion Superior Court, and Marc Rothenberg, having devised a scheme to defraud me of my filing fees and right to litigate my claims, submitted poor quality alleged complaints to Boone Circuit and Superior Courts that purported to have been drafted and signed by me, but which were not authorized by me, to substitute them for my real filings, and to have their identity thieves appear in *ex parte* hearings to engage in bizarre behavior in my name, thereby manufacturing false evidence to procure denials of my motions and void dismissals of the cases containing libelous allegations about me based on their deceptions, and also dismissal of case no. 06D02-1110-PL-0164 that purported to have been authorized by the judge hearing the case, but which was not authorized by the judge, and have them sent by U.S. mail and electronically in interstate commerce.

y. Obstruction of justice, 18 U.S.C. § 1503; mail fraud; wire fraud: During the period

December 2009 through January 2018, in U.S. District Court for the Northern District of Indiana case nos. 2:10-cv-00053-PPS-PRC, 2:11-cv-00058 a/k/a 2:11-mc-00025-PPS, 4:17-cv-00066-JVB-APR, and 4:17-cv-00090-JVB-JEM, Evan Goodman, Dennis Sasso, Sandy Sasso, Jonathan Adland, Leslie Page, INSD, David Kennedy, and Sean Persin corruptly impeded the due administration of justice by substituting poor quality forgeries, sent electronically and by U.S. mail, for my real complaints and other filings, procuring *ex parte* hearings with identity thieves impersonating me to perpetrate disruptive behavior in my name, and employing forged documents to have clerks enter records of void judgments adverse to me based on the deceptions. The foregoing was also intended to defraud me out of a fair hearing of the cases, for which I had paid filing fees.

z. Mail fraud; wire fraud; obstruction of justice: During the period May through September 2010, Evan Goodman, Dennis Sasso, Donald Harris, Leslie Page, and their violent drug trafficker, having devised a scheme to defraud me out of my filing fees, manufactured false evidence to induce a judge to send summary dismissals of U.S. District Court for the Middle District of Tennessee case numbers 3:10-cv-00082 and 3:10-cv-00853, in which I was the plaintiff, electronically in interstate commerce and by U.S. mail, using their own poor quality forgeries and their violent drug trafficker's disruptive behavior as an excuse.

aa. Involuntary servitude, 18 U.S.C. § 1584; retaliation against witness, 18 U.S.C. § 1513: As part of their slavery agenda and to punish me for providing truthful information about possible commission of federal criminal offenses to law enforcement officers, from August 2010 up to the present, Evan Goodman, Dennis Sasso, Sandy Sasso, Jonathan Adland, and Marc Rothenberg have maliciously threatened injury to the person and reputation of my son, with intent to compel him to refrain from all contact with me, and to refrain from marrying.

bb. Extortion, Tenn. Code Ann. § 34-14-112; obstruction of justice; mail fraud: With intent to unlawfully obtain assets from my parents' trusts and an advantage through coercion upon me, to maliciously threaten me with an injury, to retaliate against me for pursuing litigation

against them in federal courts, and to defraud me of my rightful inheritance, on or about July 20, 2010, Dennis Sasso, Sandy Sasso, Jonathan Adland, David Kennedy, Donald Harris, Robert E. Lee Davies, and Evan Goodman induced my sister, who is not an attorney, to commence frivolous, vexatious Davidson County, Tennessee case no. 10P-1127. The service upon me of notice of the case, at my home in Indiana, included a document labeled Exhibit C, which purports to have been signed in Indiana in the presence of an Indiana notary by an Indiana accountant who was designated trustee of alleged trusts, whose assets are held in an account in Indiana and of which I was alleged beneficiary, purporting to remove himself as trustee. In fact, defendants forged the document. Thus, the Indiana accountant did not sign any document removing himself as trustee and he therefore remains trustee, if the trusts were valid. They thereby falsely characterized my sister as the trustee when she had previously removed herself as trustee, as did a third designated trustee. My sister therefore lacked standing to bring the case at all. Tennessee courts did not have personal jurisdiction over me in the case. This has resulted in removal of tens of thousands of dollars from financial accounts in Indiana that comprise the alleged trusts that rightfully belong to me, and denial of my access to the funds in the accounts, continuing up to the present, substituting their self-serving whims for my parents' stated wishes.

cc. Extortion, Tenn. Code Ann. § 34-14-112; robbery: In September 2010, in case number 10P-1127, Donald Harris used coercion on me to force me to reveal the custodian of my financial assets unrelated to my parents' alleged trusts, and held in an account in Indiana, in order to allow Evan Goodman, Dennis Sasso, and Jonathan Adland to threaten the custodian's employees to try take the assets by force, such that I was forced to pay to transfer the assets to another custodian.

dd. Obstruction of justice, 18 U.S.C. § 1503, mail fraud, wire fraud: On or about April 11, 2011, Evan Goodman, Dennis Sasso, Sandy Sasso, Jonathan Adland, INSD, and their violent drug trafficker, in U.S. District Court for the Northern District of Illinois ("ILND") case

no. 1:11-cv-2116, substituted a forged, poor quality complaint for my real one and participated in an *ex parte* hearing with one of their identity thieves impersonating me, to have her engage in bizarre behavior in my name and agree to dismissal of the case on my behalf, which was sent electronically in interstate commerce and through the U.S. mail, thereby corruptly impeding the due administration of justice and defrauding me of my filing fee.

ee. Wire fraud; mail fraud: During the period August 2 - 5, 2011, Evan Goodman, Dennis Sasso, Sandy Sasso, Jonathan Adland, David Kennedy, INSD, and Leslie Page, having devised a scheme to defraud me out of the filing fee that I paid in full in Monroe Circuit Court case no. 53C01-1107-PL-001424, substituted a poor quality alleged complaint that purported to have been drafted and signed by me, but was not authorized by me, for my real complaint, and intimidated the judge and court staff, to enter into court electronic records and send to me by U.S. mail a summary dismissal of the case, purportedly based on my filings and actions, but which was really based on their own misconduct committed in my name. They subsequently created a fraudulent electronic record falsely claiming that I had not paid the filing fee in full.

ff. Mail fraud; wire fraud: On or about June 6-7, 2012, April 1, 2013, April 8, 2013, and November 29, 2017, Evan Goodman, Leslie Page, Dennis Sasso, Jonathan Adland, Sean Persin, Eric Holcomb, INSD, and Indiana Attorney General, having devised a scheme to defraud me out of the filing fees that I had paid, entered into court electronic records and sent to me by U.S. mail forged purported dismissals of Tippecanoe Superior Court case numbers 79D02-1205-PL-00015, 79D02-1303-PL-00009, and 79D02-1304-CT-00008, and Tippecanoe Circuit Court case no. 79C01-1707-CT-000118, respectively, falsely accusing me of offenses that they had committed and based on their frauds upon the court, and falsely portraying the dismissals as having been authorized by the judge hearing the cases, but which were not authorized by the judge.

gg. Wire fraud; monetary transaction derived from unlawful activity, 18 U.S.C. § 1957: In June – July 2013, Evan Goodman, in collaboration with the Indiana Attorney General,

created documents purporting to have been signed by me, making false statements to a mortgage lending business and to U.S. government-sponsored Federal National Mortgage Association, 18 U.S.C. § 1014, to take out a fraudulent alleged mortgage loan in my name and unlawfully using my home as collateral. It took me considerable time and money to resolve that situation.

hh. Conspiracy to commit robbery and kidnapping; wire fraud; mail fraud: With intent to defraud me of my money, and to take my money by placing me in fear, Evan Goodman, Dennis Sasso, Sandy Sasso, Jonathan Adland, INSD, and their violent drug trafficker cannibalized case no. 53C01-1107-PL-1424 to transmit electronically in interstate commerce and by U.S. mail false allegations that I owe some attorneys $9,893.63. In furtherance of this scheme, they induced court personnel to send to me via U.S. mail violent alleged "orders" and "writ of body attachment" dated February 21, 2013, April 5, 2013, October 28, 2013, and February 24, 2017 threatening to criminally confine me and to commit acts of physical violence against me, to force me to pay debts incurred by their violent drug trafficker.

ii. Wire fraud; misuse of identification information: In 2014 and 2015, Evan Goodman employed devious machinations to force me to pay out-of-pocket hundreds of dollars for an unnecessary duplicate medical screening, and to attempt in 2016 to defraud me of hundreds more by having defendants' violent drug trafficker use my identification information to create the illusion of a duplicate screening.

jj. Mail fraud; wire fraud: In 2016, in Hamilton County case numbers 29C01-1604-PL-2823 and 29D03-1609-CT-008258, Evan Goodman, Dennis Sasso, and Sandy Sasso, having devised a scheme to defraud me of my filing fees and right to litigate my claims, submitted poor quality alleged complaints to Hamilton Circuit and Superior Courts that purported to have been drafted and signed by me, but which were not authorized by me, to substitute them for my real filings, and to have their identity thieves appear in *ex parte* hearings to engage in bizarre behavior in my name, thereby manufacturing false evidence to procure void dismissals of the cases

containing libelous allegations about me based on their deceptions. The fraudulent documents were sent by U.S. mail and electronically in interstate commerce.

kk. Obstruction of justice, 18 U.S.C. §§ 1503, 1512, 1513 (e): Evan Goodman, Dennis Sasso, Marc Rothenberg, and INSD have, since June 2020, corruptly and by force prevented court clerks from transmitting and docketing the appeal I have tried to take from final judgment in INSD case no. 1:20-cv-01412-RLY-DLP, thereby impeding the due administration of justice, with intent to retaliate against me for my complaints about their malfeasance by stealing the appellate filing fee that I paid.

33. Pursuant to 18 U.S.C. § 1961 (5), the statutes of limitations for filing a claim under RICO are ten years between predicate offenses and ten years after the most recent predicate offense alleged.

34. **Count II**. Corrupt business influence, Ind. Code §§ 35-45-6-2 and 34-24-2-6: Defendants and their violent drug trafficker to whom they refer as Carolyn H. Srivastava have knowingly formed, maintained, and are associated with an enterprise within the meaning of Ind. Code § 35-45-6-1 (c) through a pattern of racketeering activity as defined by Ind. Code § 35-45-6-1 (d), with intent to employ government and "religious" power to interfere in and disrupt my living environment, to exploit me as a scapegoat for their violent drug trafficker, who will do anything she thinks will benefit herself, to keep her out of prison and on the streets, and to appease her, so that she will continue to perpetrate her trademark blackmail, profligate forgery, harassment, and facile lying to help them obtain and retain undeserved power and money. Predicate offenses include the following:

a. Intimidation: During the period January 1999 through February 2008, Evan Goodman, Marc Rothenberg, Dennis Sasso, and Sandy Sasso sent to my home by United States mail a barrage of violently threatening letters containing wild accusations against me, and expressing intentions to commit crimes against me and to unlawfully subject me to physical confinement,

with intent to place me in fear that the threats would be carried out, and with intent to interfere with my occupancy of my home.

b. Theft; intimidation: During the period 2002 up to the present, Evan Goodman, Leslie Page, Dennis Sasso, Sandy Sasso, Jonathan Adland, and their violent drug trafficker, with intent to interfere with my occupancy of my home, have maliciously killed valuable trees, flowers and other plants on my property, knocked down my mailbox at least twice, trapped and killed my two cats, turned my outside water faucet on and left it running, piled Leslie Page's yard waste in my yard and sent a threatening letter about it, damaged my home including breaking my doorbell twice, induced my neighbors to behave in a hostile manner toward me, recruited one of my neighbors who suffers from Alzheimer's to serve as their tool of destruction, interfered with my U.S. mail delivery, excluded me from our neighborhood crime watch program, and have maliciously sought to reduce property values and impair quality of life by forcing in deleterious development, recruiting riffraff to toss litter on our streets, destroying beautiful mature trees in the neighborhood, and inducing a nearby business to make loud noises late at night.

c. Theft; obstruction of justice: During the period 2002 – 2003, Indiana Attorney General, Evan Goodman, Dennis Sasso, Leslie Page, and defendants' violent drug trafficker, in collaboration with unscrupulous College Park Club, Inc. board members at the time, knowingly exerted unauthorized control over more than $10,000.00 of College Park Club, Inc. funds, with intent to deprive us members of their use and value, to pay the personal debts of their violent drug trafficker. They subsequently, in 2006 – 2007, sought to conceal the embezzlement from courts by destroying College Park Club, Inc. computer records.

d. Theft; fraud, Ind. Code § 35-43-5-4(1): In January 2004, Leslie Page removed a credit card statement from my mailbox, and made unauthorized charges on the account, thereby exerting unauthorized control over my property, and changed the billing address so I did not discover the unauthorized charges for several months.

e. Forgery: During the period May 2007 up to the present, with intent to defraud, Evan Goodman, Dennis Sasso, Leslie Page, Marc Rothenberg, and their violent drug trafficker have intercepted my (plaintiff's) email messages, which contain written matter, and altered them to contain threatening and pornographic statements that I did not make in my original messages. They also drafted and sent pornographic and threatening emails to my neighbors, friends, and other associates purporting to have been sent by me that were not sent by me. Thus, they knowingly, with intent to defraud, made written instruments that purported to have been made by me but were not authorized by me, or with different provisions than those authorized by me.

f. Intimidation: With intent to interfere with my occupancy of my home, Evan Goodman, Dennis Sasso, Sandy Sasso, Jonathan Adland, and Leslie Page sent me a very threatening letter dated July 9, 2007, purportedly on behalf of two of my neighbors, but which was not authorized by those neighbors, making false accusations against me and demanding that I have no contact with those neighbors.

g. Dealing in controlled substances: In approximately June 2008 defendants and their violent drug trafficker designated at least one house in College Park for use in selling unlawful controlled substances.

h. Intimidation: On or about October 10, 2009, with intent to interfere with my occupancy of my home by expressing an intention to unlawfully injure me, Indiana Attorney General and Evan Goodman recruited neighbors to leave in my mailbox (but did not send by U.S. mail) a copy of a complaint form falsely alleging that I had violated the Indiana "Do Not Call" law, when they know I do not operate or work for a business and I did not contact anyone by telephone to sell anything.

i. Theft; intimidation: In 2009, Indiana Attorney General, Dennis Sasso, Marc Rothenberg, and Evan Goodman tried to force us College Park Club, Inc. members to allow non-members to use our common properties for for-profit commercial activity, in violation of munic-

ipal zoning restrictions and the College Park Club, Inc. governing documents. Additionally, they sought to force us to allow the non-members to use our amenities free of charge, with intent to force us to pay for the extra maintenance and liability insurance.

j. Kidnapping; intimidation; battery as class C felony (now level 5 felony); theft of taxpayer resources: On July 26, 2010, Evan Goodman, Dennis Sasso, Sandy Sasso, Leslie Page, and Marc Rothenberg misused government police to violently seize me from my home where I was sitting peacefully alone, minding my own business, and to use threats to subject me to forcible involuntary confinement in an in-patient mental health center for two days, to torture me in an ice-cold environment; to forcibly batter me with a dangerous drug with well-documented, potentially permanent, debilitating side-effects; to concoct fantastical "diagnoses" of mental illness; and to try to force me to pay ransom for my release.

k. Robbery; dealing in controlled substances: During the period 2012 up to the present, Indiana Attorney General, Evan Goodman, Dennis Sasso, and Sandy Sasso have sought to force us College Park Club, Inc. members to spend our money to purchase a 5.811-acre undeveloped tract of land, Marion County parcel no. 6027008, which borders my family neighborhood and also an elementary school, as a gift for College Park Club, Inc., and to construct and maintain a drug home on it for their violent drug trafficker.

l. Dealing in controlled substances; attempted robbery; forgery: In July 2014, Evan Goodman, Dennis Sasso, and defendants' violent drug trafficker created documents purporting to have been signed by College Park Club, Inc. officers, but which were not authorized by College Park Club, Inc. and purporting to borrow $700,000.00 in the name of College Park Club, Inc. to purchase Marion County parcel no. 6027008 and construct housing for their violent drug trafficker, and are trying to force me to use my money to repay their alleged loan.

m. Intimidation: Evan Goodman induced the College Park Club, Inc. property manager to send me a threatening memorandum dated June 1, 2015 expressing an intention to unlaw-

fully injure me, with intent that I refrain from exercising my contractual right to access the College Park Club, Inc. common properties, including the swimming pool, which my dues help fund, against my will, and with intent to interfere with my occupancy of my home.

n. Intimidation; attempted robbery; theft: During the period November 2018 through January 2021, Evan Goodman, Dennis Sasso, Sandy Sasso, Marion Superior Court, Sean Persin, Marc Rothenberg, Indiana Attorney General, and Leslie Page, using College Park Club, Inc. as a cover, induced the College Park Club, Inc. property manager to send me fraudulent alleged billing statements falsely asserting that I owe College Park Club, Inc. $1,843.00, money they are attempting to extort from me through fear to force me to allegedly purchase Marion County parcel no. 6027008 against my will and pay alleged attorney fees that I do not owe. They have also been unlawfully diverting my semi-annual dues payment to their "land purchase" slush fund.

o. Conspiracy to commit theft: Evan Goodman, Dennis Sasso, Marion Superior Court, Marc Rothenberg, Sean Persin, and Sandy Sasso are currently in the process of trying to exert unauthorized control over real property that has been owned by College Park Club, Inc. for more than fifty years for the use of us members, with intent to deprive us of its use and value and divert it to the use of their violent drug trafficker and other favored criminals.

p. Attempted murder: On July 9, 2019, when I was driving in moderate traffic, defendants' violent drug trafficker induced a driver to suddenly change lanes directly in front of me, such that if I had not instantly applied my breaks, there would have been a serious collision, potentially causing my death.

q. Promotion of human trafficking; intimidation: As part of their slavery agenda, Evan Goodman, Dennis Sasso, Sandy Sasso, Jonathan Adland, and Marc Rothenberg have prevented me from marrying, by placing eligible men in fear for their safety, with intent that they avoid me, against their will. Defendants' intent is to force me into a homosexual relationship with their violent drug trafficker against my will, as I am heterosexual, and I do not want defend-

25

ants' violent drug trafficker in my life for any reason whatsoever.

   r. Intimidation: Dennis Sasso, Sandy Sasso, Marc Rothenberg, Evan Goodman, and their violent drug trafficker have placed others in fear of harm to themselves and their families, with intent that they shun me against their will. In so doing, they have cruelly condemned me to navigate the COVID-19 crisis entirely alone. They are evil.

   s. Bribery: Verizon has bestowed generous campaign contributions on government officials seeking and holding elective office, with intent that they enact laws according Verizon and other telecommunications businesses special privileges not available to other businesses, even regulated utilities, particularly through enactment of Ind. Code § 8-1-32.3-26.

   35. Pursuant to Ind. Code § 35-45-6-1 (d), the statutes of limitations for filing a claim under the Indiana Racketeer Influenced and Corrupt Organizations statutes are five years between predicate offenses and five years after the most recent predicate offense alleged. Ind. Code § 34-11-2-6 prescribes a five-year statute of limitations for actions against public officers growing out of liability incurred during official acts or omissions. Ind. Code § 34-11-2-7 prescribes a six-year statute of limitations for relief against frauds.

   36. **Count III**. Unlawful wiretap, 18 U.S.C. § 2511; Violation of Ind. Const. Art. I §11; invasion of privacy: From at least 1999 up to the present, in order to spy on me with intent to maliciously disrupt all of my personal and business relationships, INSD, Evan Goodman, Marc Rothenberg, and State of Indiana have abused government power to procure the unlawful interception of my telephone and email accounts, induce my neighbors to videotape everyone who visits my home, and unlawfully monitor communications made within the privacy of my home, and have shared the contents of the interceptions and videotapes with their violent drug trafficker and other private accomplices, with intent to allow them to interfere in and disrupt my life. Defendants have also used the illegally obtained information to recruit accomplices to go to meetings, stores, the streets and sidewalks of my own neighborhood, etc., where they know I will go,

to try to infect me with the deadly Covid-19 virus, and also to stalk me and to try to accuse me of stalking for merely going about my daily activities, to frighten me away from doing anything other than sitting in my house alone.

37. **Count IV**. Violation of the Fifth Amendment to the *Constitution of the United States*: By forcing us College Park Club, Inc. homeowners to purchase parcel no. 6027008, and construct a home and swimming pool on it for their violent drug trafficker, State of Indiana, Sean Persin, Marion Superior Court, and Theodore Rokita are taking our private property for government use without just compensation.

38. **Count V**. Trespass: Verizon and MCI are in the process of installing forty-seven-foot tall 5G towers throughout my neighborhood, possibly one directly in front of my property. The towers will impair our quality of life, turning our beautiful residential area into a stark industrial wasteland, reducing our property values and the salability of our homes, leaving unsightly unfinished construction sites, polluting my nighttime environment with unwanted light, heating up and turning my neighborhood into an oven in the increasingly hot summers, potentially giving us cancer and other debilitating chronic ailments, potentially endangering our lives from towers crashing down in high winds, and potentially interfering with the functioning of my home wireless internet connection, for which I pay.

39. **Count VI**. Violation of Ind. Const. Art. I §§ 23 and 25: In allowing telecommunications businesses, but no one else, to violate local zoning ordinances, to freely place industrial towers wherever they want throughout my neighborhood, and to freely place them in residential zones, but not other zones under Ind. Code § 8-1-32.3-26 and 2021 House Bill 1164, the State of Indiana is granting them special privileges, granting to non-residential zones special immunities, and depending on the authority of the telecommunications businesses, not the *Constitution of the State of Indiana*.

40. **Count VII**. Violation of the Fifth and Fourteenth Amendments to the *Constitution of*

*the United States*: In promoting placement of an industrial tower next to my property under Ind. Code § 8-1-32.3-26, the State of Indiana is taking my property interest in enjoyment of my property and College Park Club, Inc. common property without due process of law and without just compensation, and, by giving Verizon's and MCI's profit motive preference over my legal right to enjoyment of my property, denying me the equal protection of the laws.

41. **Count VIII**. Violation of federal and Indiana Religious Freedom Restoration Acts, 42 U.S.C. § 2000bb *et seq*. and Ind. Code Ch. 34-13-9; and Ind. Const. Art. 1 §§ 2, 3, and 4: For more than twenty years, Evan Goodman, Marc Rothenberg, Marion Superior Court, INSD and State of Indiana have employed Big Oppressive Government terrorism to arbitrarily and capriciously prevent me from participating in Jewish community worship, including virtually, not for any legitimate government reason, but rather to bully and abuse me, and to establish Christianity as their official government religion.

42. **Count IX**. Violation of the Fourteenth and Fifteenth Amendments to the *Constitution of the United States* pursuant to 42 U.S.C. § 1983: In 2020, State of Indiana conspired with one member of the Marion County Election Board to severely restrict the number of early voting sites in heavily African-American Marion County relative to whiter counties, in order to prevent us Marion County citizens from voting, so that their favored candidates would "win."

43. **Count X**. Violation of the Thirteenth Amendment to the *Constitution of the United States* and Ind. Const. Art. I § 36: Through the offenses described in this complaint, government defendants have prohibited me from emigrating from inhospitable Indiana, in order to keep me in a condition of involuntary servitude as a scapegoat for their violent drug trafficker.

## IV. PRAYER FOR RELIEF

44. Based on the foregoing, plaintiff respectfully prays that this Court order the following relief:

45. Order all defendants to stop committing identity theft against me.

46. Order Evan Goodman, Dennis Sasso, Sandy Sasso, Jonathan Adland, and Leslie Page to STAY OUT of my neighborhood affairs, and refrain from all direct and indirect contact with College Park Club, Inc. officers, directors, employees, contractors, and property manager, as long as I reside in the neighborhood.

47. Order Evan Goodman, Dennis Sasso, and Sandy Sasso to pay out of their own funds all of the money they allege that I owe to College Park Club, Inc.

48. Order defendants to keep their violent drug trafficker at least 1,000 feet away from the College Park subdivision at all times, as long as I reside in and/or own property there.

49. Order defendants to refrain from forcing in any deleterious development on Marion County parcel no. 6027008 or other College Park Club, Inc. property.

50. A declaration that I, Carolyn Wendy Herz, have no legal obligation to contribute any of my personal assets, either directly or indirectly, toward the purchase of, maintenance of, or property taxes on parcel no. 6027008, or toward any improvement on the property.

51. Declaratory relief that Ind. Code § 8-1-32.3-26 violates Ind. Const. Art. I §§ 23 and 25 and the Fifth and Fourteenth Amendments to the *Constitution of the United States*, cannot lawfully be enforced; and should be repealed.

52. Order Verizon and MCI to refrain from erecting any of their towers and small cell facilities within 500 feet of the College Park subdivision, and to remove those that they have already erected in my neighborhood.

53. Order INSD, State of Indiana, Marion Superior Court, and Evan Goodman to completely delete and erase all records of their bogus criminal, ordinance violation, and protective order actions against me, and ensure that the Indiana State Police, Indiana Bureau of Motor Vehicles, and federal databases are updated to reflect the corrections, and to correct all other erroneous court records pertaining to me, plaintiff.

54. Order Evan Goodman, Jonathan Adland, INSD, and Dennis Sasso to pay me treble

damages for the more than $70,000.00 they robbed from my financial account, with interest.

55. Order all defendants to reimburse me for all of the filing fees and other costs that I incurred in all of my court cases that were summarily dismissed, including but not limited to those listed in this complaint.

56. Order Evan Goodman, Dennis Sasso, and Sandy Sasso to pay the alleged attorney fees purportedly assessed in cannibalized case no. 53C01-1107-PL-001424.

57. Order Dennis Sasso, Sandy Sasso, David Kennedy, Donald Harris, Jonathan Adland, and Evan Goodman to pay me treble the amount of my inheritance that they have deceitfully and unlawfully prevented me from accessing.

58. That the Court award me damages and costs of this litigation.

59. Order such additional relief as the Court may deem just and proper.

## V. AFFIRMATION OF PLAINTIFF

I, the plaintiff in this cause, do affirm that all of the statements in this complaint are, to the best of my personal knowledge and belief, true and correct.

Dated     February 28, 2021
_____

Respectfully submitted,

*Carolyn Wendy Herz*

Carolyn Wendy Herz, Plaintiff *pro se*
3105 Lehigh Court
Indianapolis, IN 46268-1320
Tel. (317) 876-0421
cwherz4802@gmail.com